**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

THOMAS CLARK,                                          *
                                                       *
                    Plaintiff,                         *
                                                       *
          v.                                           *        C.A. No. _____
                                                       *
SCOTT HURD                                             *
                                                       *        DEMAND FOR TRIAL BY JURY
OFFICER SPICER                                         *
                                                       *
  and                                                  *
                                                       *
CITY OF DOVER, DELAWARE,                               *
                                                       
                    Defendants.

## COMPLAINT

---

COMES NOW, Thomas Clark, by and through his attorney, Stephen P. Norman, Esquire, who brings this Complaint against Scott Hurd and the City of Dover, Delaware.

### FACTS

### Parties

1.    Plaintiff, Thomas Clark, ("Plaintiff"), is a Delaware resident who may be contacted, for purposes of this litigation through his counsel, Stephen P. Norman, Esquire, at The Norman Law Firm, 30838 Vines Creek Rd., Unit 3, Dagsboro, DE  19939.

2.    Defendant, Scott Hurd ("Hurd"), was a police officer employed by the City of Dover and its police department and was acting under color of law as an agent or employee of the City of Dover Police Department at all relevant times hereto.

3.     Defendant, Officer Spicer ("Spicer"), was a police officer employed by the City of Dover and its police department and was acting under color of law as an agent or employee of the City of Dover Police Department at all relevant times hereto.

4.     Defendant, City of Dover, Delaware ("City" or "Dover") is a municipal corporation duly organized, existing and operating under and pursuant to the applicable laws of the State of Delaware and at all relevant times was the employer of Hurd and Spicer.  It has, and at all times material hereto has had responsibility for hiring, training, supervision, disciplining and retention of police officers employed by the City including Webster.

## Jurisdiction and Venue

5.     This is a civil action for damages and injunctive relief arising under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and § 1988, Article I, § 6 of the Delaware Constitution and the statutory and common law of the State of Delaware.

6.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331, 1343(a)(3) and supplemental jurisdiction pursuant to 28 U.S.C. §1367 to entertain claims arising under state law.

7.     Personal jurisdiction is proper since all parties reside in the District, conduct business in the District, and the unlawful actions giving rise to the claim took place within this District.

8.     Venue is properly in this Court pursuant 28 U.S.C. §1391(b) because the events giving rise to the suit occurred in this judicial District.

## General Allegations

9.     On August 15, 2017, in the evening hours, Plaintiff was riding his bike when he encountered Defendants Spicer and Hurd.

10.    Spicer yelled to Plaintiff to "Pull the fuck over".

11.   Spicer did not provide a reason to Plaintiff why he should pull over.

12.   Due to the aggressive nature of how Spicer initially addressed him, Plaintiff did not immediately pull his bike over.

13.   Officer Spicer then pursued Plaintiff in his police vehicle.

14.   Officer Spicer then ran at Plaintiff and tackled him off his bike causing injury.

15.   Defendant Hurd assisted Spicer with handcuffing Plaintiff.

16.   After Plaintiff was handcuffed Defendant Hurd proceeded to violently punch Plaintiff in the face.

17.   The punching was so forceful that Plaintiff eventually lost consciousness.

18.   Hurd searched Plaintiff's backpack and found nothing except for school books and massage oil.

19.   Plaintiff was a student in massage therapist school at the time of the incident.

20.   While Plaintiff was handcuffed and unconscious, Hurd went to his police vehicle.

21.   While at his police vehicle Hurd retrieved a handgun.

22.   Hurd came back to where Plaintiff laid unconscious and planted the handgun on Plaintiff.

23.   Plaintiff was eventually arrested and taken to the Dover Police Station.

24.   Although, he had serious injuries, including a facial fracture, he was deprived of medical care by Hurd.

25.   Hurd instead placed Plaintiff in a holding cell where he remained for six hours.

26.   When the next tour of day arrived they immediately noticed the seriousness of Plaintiff's injuries.

27.   Plaintiff was immediately taken to Bayhealth Medical Center, nine hours after the assault, for treatment where he was diagnosed with multiple injuries.

3

28.   Plaintiff had suffered, *inter alia*, headaches, abrasions to the face, rib pain, bilateral leg pain, jaw pain, and multiple abrasions to his lips and elsewhere.

29.   Plaintiff was charged with multiple crimes.

30.   Plaintiff did not prevent or attempt to prevent Hurd or Spicer from effecting an arrest and did not struggle with either of them.

31.   There were no circumstances that justified such a use of force against Plaintiff.

32.   Hurd and Spicer's use of force against Plaintiff was not necessary to effect a detention or arrest of Plaintiff.

33.   Upon information and belief, Defendant City initiated an internal investigation concerning Hurd and Spicer and their alleged use of excessive force against Plaintiff.

34.   Upon information and belief, Defendant City discontinued its internal affairs investigation concerning the incident described herein without finding that either officer had violated police department policies or had otherwise done anything wrong.

35.   Upon information and belief, neither officer received discipline, punishment, or further training nor counseling as a result of the incident described herein.

### COUNT I:  VIOLATION OF 42 U.S.C. §1983, 4TH AMENDMENT USE OF EXCESSIVE FORCE – DEFENDANTS HURD AND SPICER

36.   Plaintiff re-alleges and incorporates by reference all of the allegations in this Complaint, above and below, as though fully set forth herein.

37.   Spicer used excessive force when he tackled Plaintiff off his bike without provocation.

38.   Hurd used excessive force when he punched Plaintiff while he was handcuffed and, on the ground, lying unconscious.

39.     The force used by both Spicer and Hurd was excessive considering the totality of the circumstances including, but not limited to the minor nature of any potential offense, and the fact that Plaintiff did not resist the detention with force.

40.     The arrest and the beating violated Plaintiff's clearly established and well settled constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the unreasonable, excessive and unjustified use of force.

41. Plaintiff is entitled to recover under 42 U.S.C. § 1983 against both Spicer and Hurd.

## COUNT II:  BATTERY – DEFENDANT HURD AND SPICER

42.     Plaintiff re-alleges and incorporates by reference all of the allegations in this Complaint, above and below, as though fully set forth herein.

43.     Both Hurd and Spicer's actions described hereinabove were without Plaintiff's consent.

44.     Hurd and Spicer's actions were unreasonable and unjustified under the circumstances.

45.     Hurd and Spicer committed an intentional, willful, and malicious battery against Plaintiff when he was tackled by violently struck Plaintiff.

46.     Plaintiff is entitled to recover against both Hurd and Spicer under the common law of Delaware for his injuries and losses

## COUNT III:  FABRICATION OF EVIDENCE-HURD ONLY

47. Plaintiff re-alleges and incorporates by reference all of the allegations in this Complaint, above and below, as though fully set forth herein.

48. Defendant Hurd planted a handgun on Plaintiff that was material evidence that was critical to the establishment of probable cause.

49. Hurd falsely stated under oath that Plaintiff was in possession of a handgun.

50. Hurd falsely fabricated a felony charge against Plaintiff for illegal possession of a handgun.

51. Defendant Hurd fabricated the evidence against Plaintiff in bad faith in order to support the arrest of Plaintiff.

52. Defendant Hurd's fabrication of charges caused undue hardship on Plaintiff who was arrested and charged with felonies.

53. As a result, Plaintiff suffered extreme humiliation, physical injuries, lost wages, loss of reputation, and emotional distress.

**COUNT IV:  VIOLATION OF 42 U.S.C. §1983 – *MONELL CLAIM* AS TO CITY**

54. Plaintiff re-alleges and incorporates by reference all of the allegations in this Complaint, above and below, as though fully set forth herein.

55. Upon information and belief, City failed to mandate policies, practices, and/or customs concerning – and adequately and properly supervise and train its police officers in – various aspects of law enforcement, including but not limited to, the constitutional bounds and limits concerning the use of excessive force against persons and suspects within the geographic and jurisdiction limits of Dover, Delaware.

56. Upon information and belief, City had a policy and/or custom of failing to properly investigate alleged incidents of its officers using excessive force or engaging in other police misconduct.  Therefore, City failed to properly supervise, discipline, punish, train, and counsel its officers that used excessive force or engaged in other police misconduct, providing no accountability for City's police officers.  This, in turn, has fostered more instances of excessive force and other police misconduct, including but not limited Hurd and Spicer's use of excessive force against Plaintiff.

57. The above-described acts and omissions by City demonstrated a deliberate indifference to the constitutional rights of the citizens of Dover, Delaware and were the direct and proximate cause of the violations of Plaintiff's constitutional rights as set forth herein.

58. As a direct and proximate result of the foregoing failures by City, Plaintiff suffered the damages alleged herein.

59. Plaintiff is entitled to recover under 42 U.S.C. § 1983 from City for his injuries and losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. All lawful general and special damages in an amount to be determined, against all Defendants.

B. Injunctive relief ordering and mandating that Defendant City create and mandate policies, procedures, and customs (including training, counseling, and heightened supervision of its officers) that would provide for robust and proper internal affairs investigations and resulting discipline, punishments, training and counseling as is and may be necessary to avoid further instances of excessive force and other police misconduct.  Plaintiff seeks an enforcement mechanism that will enable the public to determine whether Defendant City has taken appropriate remedial measures and complied with the orders of this Court.

C. Plaintiffs' cost in this action, including reasonable attorney fees and pre and post-judgment interest.

D. Such other relief as this Court deems just and equitable.

E. Trial by Jury.

Respectfully submitted,

Date: October 4, 2018                            THE NORMAN LAW FIRM

                                                 */s/Stephen P. Norman*
                                                 Stephen P. Norman, Esquire, Bar I.D. 5497
                                                 30838 Vines Creek Road; Unit 3
                                                 Dagsboro, DE  19939
                                                 302-537-3788
                                                 302-732-3045 (fax)
                                                 *snorman@thenormanlawfirm.com*
                                                 *Attorneys for Plaintiff*